**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30218 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00093-WFN-1 |
| v. | |
| MATTHEW HUTCHESON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted May 7, 2015
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[**] Senior District Judge.

Matthew Hutcheson appeals his jury conviction for and sentence on seventeen counts of wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

First, Hutcheson argues that the district court erred by excluding documentary evidence of "irrevocable trust receipts" or "ITRs," which Hutcheson characterizes as "plan assets" that replaced the money he removed from retirement accounts for which he was trustee. Hutcheson contends that the ITRs show that he lacked the intent to defraud the retirement plans because liquid plan assets were simply replaced with temporarily illiquid assets (the ITRs). We disagree. The district court did not abuse its discretion by finding that the ITRs were "somewhat akin to an insurance coverage of some type" and excludable on that basis as irrelevant, "intent to repay" evidence. *See United States v. Oren*, 893 F.2d 1057, 1062–63 (9th Cir. 1990); *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986).

Second, Hutcheson argues that there was insufficient evidence to support his wire fraud convictions. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of wire fraud beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There is abundant evidence in the record to support his convictions on all counts, including not only his personal use of investors' funds to buy or improve his own property, but also a range of conduct from forged documents and fabricated

2

account balance statements to witness testimony regarding Hutcheson's misleading statements about plan participants' inability to withdraw funds.

Third, Hutcheson argues that his 210-month sentence is substantively unreasonable. We reject this contention. The total circumstances include, for example, (1) the large number of vulnerable victims whose retirement funds were taken; (2) the contrast between Hutcheson's former reputation as a retirement plan innovator and his simultaneous looting of funds from such plans for personal use; (3) the back-dating of the ITRs while Hutcheson was under indictment; and (4) Hutcheson's attempt to undermine the integrity of the trial process by publishing a letter in a newspaper that threatened significant economic harm to the citizens of Idaho if he were convicted. We conclude that Hutcheson's sentence was substantively reasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

**AFFIRMED.**