NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. ALEXANDER ACOSTA[*], | No. 17-35076 |
| Plaintiff-Appellee, | D.C. No. 1:12-cv-00236-EJL |
| v. | |
| MATTHEW HUTCHESON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 16, 2018[**]

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Matthew Hutcheson appeals pro se from the district court's summary

judgment in the U.S. Secretary of Labor's action against him, alleging violations of

the Employee Retirement Income Security Act of 1974 ("ERISA"). We have

---

[*]    R. Alexander Acosta has been substituted for his predecessor Thomas Perez as Secretary of Labor under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Hutcheson failed to raise a genuine dispute of material fact as to whether he engaged in a prohibited transaction under ERISA in violation of his fiduciary duties. *See* 29 U.S.C. §§ 1104, 1106; *see also United States v. Hutcheson*, 603 Fed. App'x 613, 614 (9th Cir. 2015) (affirming, *inter alia*, Hutcheson's conviction for wire fraud counts related to the ERISA-covered plans at issue in this action).

To the extent Hutcheson's "motion for declaratory relief" or request for an evidentiary hearing may be construed as requests to take discovery in order to oppose summary judgment, Hutcheson failed to comply with the requirements of Federal Rule of Civil Procedure 56(d). *See* Fed. R. Civ. P. 56(d); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (a party seeking additional time for discovery is required to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

We reject as without merit Hutcheson's contentions that the district court erred by granting summary judgment notwithstanding his pending motion under 28 U.S.C. § 2255, and that the double jeopardy clause applies to this action.

We do not consider issues or arguments not specifically and distinctly raised

17-35076

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Hutcheson's request for judicial notice (Docket Entry No. 19) is denied.

**AFFIRMED.**